UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JANET M. LUKES,
an individual,

    Plaintiff,

CASE NO: 1:16-CV-363

vs.

CITY OF TWO RIVERS, WISCONSIN,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Janet M. Lukes ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues the City of Two Rivers, Wisconsin, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12101 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Wisconsin.

1

3. Plaintiff, Janet M. Lukes (hereinafter referred to as "Lukes") is a resident of the State of Wisconsin and is a qualified individual with a disability under the ADA. Lukes suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffered a cervical cord injury and requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Lukes visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Lukes continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, the City of Two Rivers, Wisconsin, is a municipal corporation conducting business in the State of Wisconsin. Upon information and belief, Two Rivers is the operator, owner and/or lessee of the programs and services offered by Two Rivers as well as the facilities, real properties and improvements which are the subject of this action, specifically, the Beach House located at the Manitowoc Two Rivers public beach at Neshotah Beach (hereinafter referred to as the "Beach House")

5. All events giving rise to this lawsuit occurred in the Eastern District of Wisconsin.

## COUNT I - VIOLATION OF THE ADA

6. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-5 as if expressly contained herein.

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

10. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

11. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12. The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA. In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein are readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204.

13. Defendant has known for almost twenty-five years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes. Defendant

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012. However, with respect to the specific barriers to access alleged in Paragraph 20, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the Beach House inaccessible to wheelchair users such as Plaintiff.

has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

14. Defendant's failure to have fully implemented all structural modifications at the Park and Sidewalks has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facilities.

3. Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of his disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of his disability has been, and continues to be, arbitrary, knowing and intentional.

4. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

5. Plaintiff was subjected to discrimination when she attempted to access the facilities and avail herself to the programs and services offered at and by Defendant. Plaintiff continues to desire to return and therefore continues to suffer discrimination by Defendant in the

4

future as the violations and lack of equal and safe access to the programs, services and facilities at the subject facilities continue to exist.

6. Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

7. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

8. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to the following violations, *inter alia*:

   (i) There is a step exiting the women's restroom of approximately 4 inches such that a wheelchair user cannot safely and independently exit and enter the restroom;

   (ii) Upon information and belief, there are additional barriers to Plaintiff's access in the toilet room.

21. There are other current barriers to access and violations of the ADA at the Beach House which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

22. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs

5

and expenses paid by Two Rivers pursuant to 42 U.S.C. § 12205.

23. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Two Rivers and requests the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

That the Court award such other and further relief as it deems necessary, just and proper

## **COUNT TWO -NEGLIGENCE PER SE**

Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 23 of this Complaint.

24. As more fully described above, Plaintiff is an individual with a disability who requires mobility aids due to a substantial limitation in her ability to walk.

6

25. Plaintiff filed a claim with the City of Two Rivers that was denied on January 5, 2016. Pursuant to Wisconsin Statute 893.80, Plaintiff has six (6) months to bring a claim (see attached Exhibit A- Denial of Claim).

26. The Americans with Disabilities Act (hereinafter "ADA"), as amended, states is purpose in 42 USC § 12101, as follows:

   i. To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   ii. To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

   iii. To ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

   iv. To invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

27. As such, Plaintiff is within the class of people designed to be protected by the ADA.

28. Discrimination is defined pursuant to Title III of the ADA by 42 USC § 12182(b)(2)(iv) and (v), as follows:

   (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for

(iv) transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

29. It has been readily achievable for Defendant to provide an accessible exit to the outside at the subject Beach House.

30. Defendant's failure to remove the architectural barriers alleged in Paragraph 20, above, and personally encountered by Plaintiff on September 5, 2015, was discrimination as defined by Title II of the ADA.

31. Defendant's failure to abide by Federal statute and regulation (namely Title II of the ADA) caused Plaintiff to suffer an injury in fact that would have otherwise been prevented. Specifically, Plaintiff was denied access to the exterior exit of the subject facility that would not accommodate her wheelchair due to the drop off present to exit the toilet room and lacked a ramp that would have allowed her to safely exit the toilet room at the Beach House.

32. As a direct and proximate result of Defendant's failure to abide by the ADA, Plaintiff was injured when exiting the women's toilet room due to the presence of a steep drop off causing Plaintiff to fall from her wheelchair and suffering injuries to her leg, face and eye.

33. The injuries stated in the foregoing paragraph are exactly the type of injuries from which the ADA was designed to protect Plaintiff.

34. Defendant's failure to abide by Title III of the ADA and its implementing statutes and regulations cited herein above is negligence per se and creates a presumption of negligence on the part of Defendant.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendant as follows:

    A. For such compensatory damages as the Court shall award;

    B. For costs of court and expenses of suit;

    C. For all such further or other relief as the Court deems necessary, just and proper.

Dated this 24th day of March 2016.

    Respectfully submitted,

    By: /s/ Michael A. Chester
        Michael A. Chester, Esq.
        Bar No.: ASB-3904-L74C

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: mchester@szalaw.com